1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN K. WERRETT,

                Plaintiff,

      v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

                Defendant.

NO.  C07-227 CRD

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

       Plaintiff Steven K. Werrett appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied his applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or the "Act"), 42 U.S.C sections 401-33 and Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court affirms the Commissioner's decision and dismisses the case.

## I. FACTS AND PROCEDURAL HISTORY

       Plaintiff is a forty-nine-year-old male, forty-two years old at the alleged disability onset date. Administrative Record ("AR") at 28; 66.  He completed the tenth grade and has work experience as an automobile mechanic, having last performed substantial gainful activity in 2001.  AR at 77; 99-100. Plaintiff filed his application for benefits on November 13, 2002.  AR at 66, 378-79.  His claim was

ORDER - 1

1   denied initially and upon reconsideration; plaintiff made a timely request for a *de novo* hearing before an

2   ALJ.  *Id*. at 37, 43, 46, 385.  On April 4, 2005, Administrative Law Judge M.J. Adams conducted a

3   hearing.  *Id*. at 410-51.  The ALJ heard testimony from two witnesses: plaintiff, who was represented by

4   counsel, Robert A. Friedman, Esq., and a vocational expert.  *Id*.  On August 1, 2005, the ALJ issued a

5   decision finding plaintiff not disabled.  *Id*. at 20-28.  Plaintiff requested review by the Appeals Counsel

6   and on December 19, 2006, review was denied (AR at 6), rendering the ALJ's decision the final decision

7   of the Commissioner.  20 C.F.R. §§ 404.981, 422.210 (2006).  On February 14, 2007, plaintiff initiated

8   this civil action for judicial review of the Commissioner's final decision.  Dkt. No. 3.

## II. JURISDICTION

10   Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g)

11   and 1383(c)(3).

## III. STANDARD OF REVIEW

13   Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of

14   social security benefits when the ALJ's findings are based on legal error or not supported by substantial

15   evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).

16   "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as

17   a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S.

18   389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for

19   determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that

20   might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to

21   examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of

22   the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

23   susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be

24   upheld.  *Id*.

## IV. EVALUATING DISABILITY

26   As the claimant, Mr. Werrett bears the burden of proving that he is disabled within the meaning of

27   the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal

28   ORDER - 2

citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[1]  If he is, disability benefits are denied.  If he is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities.  If the claimant does not have such impairments, he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit.  20 C.F.R. § 404.1572.

ORDER - 3

physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded.

## V. THE ALJ'S FINDINGS

Step One: The ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the decision.  AR at 27, Finding 2.

Step Two: The ALJ found that plaintiff's degenerative disc disease and affective disorder were medically determinable severe impairments.  *Id.*, Finding 3.

Step Three: The ALJ found plaintiff's impairments did not meet or equal the requirements of a listed impairment.  *Id.* at 27, Finding 4.  The ALJ next determined that plaintiff retained a RFC for a range of light work.  *Id.*, Findings 6, 11.

Step Four: The ALJ found that plaintiff could not perform any of his past relevant work.  *Id.* at 27, Finding 7.

Step Five: The ALJ determined that plaintiff could perform a significant number of other jobs in the national economy.  AR at 28, Finding 12.  The ALJ therefore concluded plaintiff was not disabled as defined in the SSA.  *Id.*, Finding 13.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1.      Did the ALJ err in finding plaintiff has the RFC for a range of light work, considering the relevant medical opinions, plaintiff's mental abilities, and plaintiff's credibility?

2.      Does additional evidence submitted after the ALJ's decision warrant remand?

3.      Did the ALJ err in presenting the hypothetical questions to the vocational expert ("VE")?

Dkt. No. 12 at 1.

ORDER - 4

# VII. DISCUSSION

A.      *The ALJ did not err in finding that plaintiff has the RFC to perform light work.*

The ALJ determined plaintiff retained the RFC to perform a range of light work.  AR at 27-28.
Plaintiff challenges the RFC determination based on the ALJ's failure to properly evaluate: (1) the
physician's opinions; (2) his mental condition; and (3) his credibility.  Dkt. 12 at 12-18.

1.      Medical Opinions

Plaintiff asserts that the ALJ erroneously relied upon a report of his RFC, such that the report was
improperly considered because it was prepared by a non-physician and later endorsed by non-examining,
state agency physician Guthrie Turner, M.D.  Dkt. 12 at 12-13; Dkt. 15 at 6.  Plaintiff argues that
because Dr. Turner merely concurred but did not include any independent analysis, the ALJ relied on the
report in error because it does not amount to "substantial evidence."  Plaintiff does not cite to any rule of
law or case law that supports this argument.  Plaintiff curiously cites to a portion of SSR 96-6p: "[f]or
example, the opinions of physicians or psychologists who do not have a treatment relationship with the
individual are weighed by stricter standards, based to a greater degree on medical evidence,
qualifications, and explanations for the opinions, than are required of treating sources" (Dkt. 12 at 13),
however, the rule does not in any way prohibit a reviewing doctor from endorsing the opinions of another
examiner or require additional comments from a reviewing doctor.  Therefore this Court finds the ALJ
did not consult the report in error, but reviewed it as required, as it is part of the complete record of this
case.

Plaintiff also asserts that the ALJ erroneously rejected the opinion of treating physician Mary
Starkebaum, M.D.  Dkt. 12 at 14-16; Dkt. 15 at 6.  To reject an uncontradicted opinion of a treating or
examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial
evidence.  *Lester v. Chater,* 81 F.3d 821, 830-31 (9th Cir.1995); *Magallanes v. Bowen,* 881 F.2d 747,
751-55 (9th Cir. 1989).  If a treating or examining doctor's opinion is contradicted by another doctor's
opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by
substantial evidence.  *Id.*  "The ALJ can meet this burden by setting out a detailed and thorough summary
of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."

ORDER - 5

*Magallanes*, 881 F.2d at 751 (internal citations omitted).  The rejection of an opinion of a treating physician based in part on the testimony of a nontreating, nonexamining medical advisor, may be upheld. *Morgan v. Commissioner* 169 F.3d 595, 602 (9th Cir. 1999), citing *Magallanes*, 881 F.2d at 751-55; *Andrews*, 53 F.3d at 1043; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).

   In August 2002, Dr. Starkebaum examined plaintiff and noted that although he would not be able to return to his prior work as an automobile mechanic, she recommended he be retrained for a less physically demanding occupation.  AR at 308.  Dr. Starkebaum also noted that plaintiff proposed he be retrained at doing computer work.  In October 2002 Dr. Starkebaum again opined that plaintiff be retrained for more sedentary work than his prior occupation.  AR at 307.  In January 2003 Dr. Starkebaum noted that plaintiff could not bend or twist his back, that he could not perform his previous job due to back injuries and that he would not be able to work at least half-time in a normal work setting, but that he would benefit from job retraining.  AR at 369.  In July 2002 Dr. Starkebaum noted that she "encouraged him to find a way to retrain for a job within his limitations that will also give him the salary he requires" and that she recommended physical therapy.  AR at 370.  In the decision, the ALJ noted that "[a]lthough Dr. Starkebaum opined that the claimant is disabled, the determination of disability is reserved for the Commissioner and is given very little weight in this matter."  AR at 23.  The ALJ also noted that Dr. Starkebaum recommended that plaintiff receive vocational retraining, which, according to the ALJ, "indicates that the claimant could work despite his physical limitations."  *Id.*  Thus, the Court finds the ALJ set forth specific reasons  for partially discounting Dr. Starkebaum's opinion, supported by substantial evidence in the record.  *Magallanes*, 881 F.2d at 751-55.  Accordingly, the ALJ's determination regarding plaintiff's RFC based on substantial evidence was not in error.  *Bayliss* 427 F.3d at 1214.

      2.      Mental Condition

   Plaintiff asserts that the ALJ erroneously relied on the opinions of psychologist Kevin Morris, Psy.D, because Dr. Morris found he had greater mental limitations than the ALJ found.  Dkt. 12 at 18; Dkt. 15 at 9.  The ALJ discussed Dr. Morris' findings:

      ...[Dr. Morris] evaluated the claimant and opined that given the time the claimant needed

ORDER - 6

to complete the Trail Making Part A and B test he has moderate impairment with his short-term memory.  However, the claimant had no errors on the Trail Making tests.  Dr. Morris opined that the claimant has marked limitations in his ability to understand, remember and follow complex instructions; exercise judgment and make decisions, relate appropriately to co-workers and supervisors; interact appropriately with public contacts; and respond appropriately to and tolerate the pressures and expectations of a normal work setting.  During psychological evaluation, the claimant followed a three-step command, accurately performed calculations, recalled three objects after five minutes, performed serial threes, spelled "world" forwards and backwards.

AR at 24.

 The ALJ also discussed the opinions of Dr. Regents and Dr. Harrison, who found among other things that plaintiff had limited abilities to understand and carry out detailed instructions.  AR at 24.  After a discussion of the findings of the three psychologists, the ALJ concluded that the evidence supported that plaintiff could function only at a level of basic work activity, follow simple instructions, and could make simple work-related decisions necessary to function in unskilled work. The ALJ was not required to agree with Dr. Morris nor to adopt his findings in whole.  The ALJ has discretion to credit the portions of an opinion that are supported by the record and consider the opinions of all other physicians.  In this case the ALJ analyzed the conclusions of the three psychologists and concluded that the totality of the evidence indicated that plaintiff retained the mental ability for simple, unskilled work.  The ALJ set forth specific reasons  for the weight assigned to Dr. Morris' opinion, which were supported by substantial evidence in the record.  As such, it is not in error.

        Plaintiff also asserts that the ALJ did not adequately evaluate a July 2003 report given by Rodger Meinz, Ph.D, regarding his mental condition.  Specifically, plaintiff argues that the ALJ did not "grapple adequately with test results showing that Werrett's Immediate Memory was in the fourth percentile, his General Memory was in the sixth percentile, and his Working Memory was in the eighth percentile." Dkt. 12 at 18.  While plaintiff is correct that the ALJ did not discuss Dr. Meinz' test results in the decision, plaintiff does not explain how or why such test results are inconsistent with the ability to perform simple, unskilled work.

///

///

///

ORDER - 7

3.      Plaintiff's Credibility

Plaintiff asserts that the ALJ erred in making an adverse finding regarding his credibility.
Defendant states (Dkt. 14 at 10; 12) that plaintiff does not dispute the ALJ's credibility finding, however
plaintiff does dispute the credibility determination multiple times in his opening brief (Dkt. 12 at 12, 14,
17).  Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a
claimant's testimony.  *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001)*; Thomas*, 278 F.3d at
958-59.  In finding a claimant's testimony unreliable, an ALJ must render a credibility determination with
sufficiently specific findings, supported by substantial evidence.  "General findings are insufficient; rather,
the ALJ must identify what testimony is not credible and what evidence undermines the claimant's
complaints."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  "We require the ALJ to build an
accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant
meaningful review of the SSA's ultimate findings."  *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir.
2003). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness,
inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his
work record, and testimony from physicians and third parties concerning the nature, severity, and effect
of the symptoms of which he complains."  *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir.
1997).

In his decision, the ALJ in this case discussed plaintiff's credibility in detail:

Although the claimant alleged that he could not work due to his back pain and depression,
his treating physicians opined that he could perform light work, as discussed above, and
his activities of daily living evidence that he could perform work activities.  The claimant
reported that his activities of daily living consist of camping, watching television,
gardening, visiting friends, walking his dog, fixing broken household items, and grocery
shopping.  It is notable that claimant reported trying to break up a fight between two dogs
and ended up with a gash on his nose and forehead, which indicates that the claimant was
physically attempting to break up the fight in spite of his alleged back pain.  The claimant
also reported that he waters his plants and pulls weeds.  These activities of daily living
evidence the claimant has the ability to engage in at least light work although he
complained that he could not work due to his alleged back pain and depression.  Even
though the claimant complained that he has back pain, he reported that he could lift up to
25 pounds but has increased pain with bending.  He further reported that his "depression
would likely lift if he could be assisted in finding work that would accommodate his back
and learning complaints, so long as it was a decent living.  Furthermore, the record shows
that the claimant failed to follow-up with treatment recommendations and continued to
abuse alcohol even though his physicians recommended that not drinking would improve

ORDER - 8

his global health.  Along with his alcohol dependance, the claimant has a history of drug addiction.  While driving to Utah the police stopped the claimant, searched his vehicle, found narcotics in an unlabeled bottle and marijuana, and arrested him.  The claimant then requested that his treating physician write a prescription for the narcotic medications that he had in the unlabeled bottle.  During the hearing, the claimant testified that the charges were dismissed because he proved that the claimant and his wife had prescriptions for the narcotics.  Given the inconsistencies in the record, I find that the claimant's allegations are not entirely credible.

AR at 24 (citations omitted).

Plaintiff claims that substantial evidence does not support the ALJ's adverse credibility finding, however this Court finds that the ALJ's detailed analysis sets forth clear and convincing reasons for not fully crediting plaintiff's subjective complaints.  The ALJ in his summary and analysis of the medical evidence noted the lack of objective medical evidence supporting the severity of plaintiff's complaints; he observed that the degree of limitation alleged by plaintiff as a result of his impairments was not supported by the medical record or in his activities of daily living; he noted that plaintiff continued to drink alcohol after being advised to stop, and noted inconsistencies in plaintiff's testimony (AR at 24).  *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (stating that an unexplained or inadequately explained failure to follow a prescribed course of treatment is a relevant factor in assessing credibility).  Accordingly, the Court finds that the ALJ properly determined, based on the record, that plaintiff's subjective allegations were less than fully credible.  As such, the ALJ's credibility assessment is supported by clear and convincing reasons, based on substantial evidence, and is free of legal error.  *See Green v. Heckler*, 803 F.2d 528, 532 (9th Cir. 1986) (stating that ALJ's credibility determinations are entitled to "great deference"); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (stating that ALJ's role is to judge credibility of claimant).

   B.   *The additional evidence submitted to the Appeals Council does not warrant remand.*

Plaintiff asserts that evidence he submitted to the Appeals Counsel, after the ALJ's decision, warrants remand to the ALJ for re-evaluation with the new evidence.  Dkt. 12 at 14, 16.  Specifically, plaintiff asserts the evidence shows that although in November 2005 Dr. Starkebaum opined that she still believed plaintiff should be retrained for a sedentary job, that in August 2006 Dr. Starkebaum opined that plaintiff had been at all times unable to perform work on a full-time basis. Dkt 12 at 16.  The ALJ

ORDER - 9

rendered his decision denying benefits in August 2005.  AR at 28.  In September 2006 plaintiff submitted additional evidence consisting of the treatment notes and declaration of Dr. Starkebaum to the Appeals Counsel.  AR at 393-407.  The Appeals Counsel considered the additional evidence and denied plaintiff's request for review.  Although the Appeals Council affirmed the decision of the ALJ, this evidence is part of the record on review to this Court for determination of whether the ALJ's decision is supported by substantial evidence.  *See Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996); *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993).

In her August 2006 declaration, in a verbal question and answer format led by plaintiff's counsel, Dr. Starkebaum stated that she had been treating plaintiff since 2002 and opined that plaintiff had not been able to tolerate any full-time employment situation, even with the option to sit or stand at will.  AR at 406.  Plaintiff argues that this evidence requires remand for evaluation of Dr. Starkebaum's notes and declaration.  After the ALJ has rendered an opinion, treating physician opinions that are solicited by claimant's counsel for litigation purposes may be rejected as less persuasive.  *See, e.g.*, *Saelee v. Chater*, 94 F.3d 520, 522-23 (9th Cir. 1996); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996); *cf. Johnson v. Callahan*, 975 F. Supp. 1366, 1371 (D. Or. 1997) ("Medical reports issued after the Commissioner's decision . . . are deemed less persuasive than those issued prior to the decision.").

In this case, Dr. Starkebaum's declaration (AR at 404-407) was taken a year after the ALJ denied benefits.  Nevertheless, the declaration comes from a treating physician with expertise in the field, is not devoid of all probative value.  In the declaration, Dr. Starkebaum's ultimate opinion was that plaintiff was unable to work full-time.  Regardless, review of the remainder of the evidence shows no objective finding of Dr. Starkebaum's is significantly different from that of the physicians' findings already considered by the ALJ, including previous treatment notes from Dr. Starkebaum wherein she previously opined plaintiff that was disabled, and as discussed above, with which the ALJ disagreed.  Moreover, Dr. Starkebaum's additional notes of April 2006 also stated: "social history: moved in with an older woman, a big untended yard and a lot of accumulated junk...  He has been engaged in helping her to clear things out."  AR at 403.  Dr. Starkebaum's declaration also reiterated her belief that receiving vocational training "might improve his chances of finding some part-time work."  AR at 406.  Accordingly, even considering the

ORDER - 10

additional evidence of Dr. Starkebaum's declaration and notes, this Court finds the ALJ's decision was based on substantial evidence in the record, and, as such, does not warrant remand.  *Ramirez*, 8 F.3d at 1452; *Bayliss*, 427 F.3d at 1214.

       C.    *The hypothetical questions to the vocational expert were not in error.*

      Plaintiff asserts that the ALJ made the following errors with respect to the questions he asked of the VE: (1) the ALJ did not explicitly ask the VE whether his entire testimony was consistent with the Dictionary of Occupational Titles ("DOT"); (2) the ALJ found plaintiff capable of performing four jobs, three of which were beyond his reasoning ability; and (3) two of the three questions the ALJ asked of the VE did not accurately reflect plaintiff's RFC assessment.  Dkt. 12 at 7-12; Dkt. 15 at 2-5.

      First, plaintiff argues that the ALJ erred in failing to explicitly ask the VE whether his testimony is consistent with the DOT, as required by SSR 00-4p.  Defendant argues that although the ALJ did not explicitly ask the VE whether his testimony was consistent with the DOT, any error was harmless because the record shows that the ALJ and the VE were discussing information from the DOT and made multiple, specific DOT references with respect to every job discussed.  In support of his argument under SSR 00-4p, plaintiff cites *Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007) citing *Johnson v. Shalala*, 60 F.3d 1428 (9th Cir. 1995).

      SSR 004-4p provides in relevant part, "[w]hen a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT.  In these situations, the adjudicator will: ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and if the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict."  Accordingly, the *Massachi* Court held that an ALJ may not rely on the testimony of a vocational expert without first inquiring whether the VE's testimony conflicts with the DOT, but also noted that harmless error occurs where (1) there is no conflict; or (2) if the VE provides sufficient support for the conclusion so as to justify any potential conflicts.  *Massachi* 486 F.3d at 1150-54.

      In this case plaintiff asserts that there is a conflict between the VE's testimony and the DOT with

ORDER - 11

1   respect to the parking lot cashier job. Dkt. 12 at 8.  At the hearing the VE testified that the parking lot

2   cashier job is sedentary as performed, noting that the job has a sit/stand option because the work is

3   performed in a booth with a rubber padded floor and includes the option to work sitting or standing.

4   However, plaintiff asserts the DOT classifies the job as light work, not sedentary work.  At the hearing

5   the VE did not testify that the DOT classification was light rather than sedentary, and although also

6   uncontested by defendant, nothing in the record before this Court indicates whether the DOT classifies

7   the position as light or sedentary.  Thus, at the time of the hearing, there was no apparent conflict, nor is

8   any conflict apparent based on the current record.  Regardless, even if the VE's testimony did differ from

9   the DOT classification, the VE explained the basis for his classification of the job as sedentary work:

10  because the job is performed in a booth with an option to sit or stand, it is performed as a sedentary job.

11  AR at 448-49.  Further, because the ALJ concluded plaintiff retained the ability to perform both a range

12  of light work as well as sedentary work, any error in classifying the work as sedentary versus light was

13  harmless.  Moreover, the ALJ found plaintiff capable of performing three other job categories for which

14  plaintiff asserts no DOT conflict: that of final assembler, assembler, and sorter grader.  AR at 28.  Even

15  where the ALJ does not explicitly inquire whether the VE's testimony conflicts with the DOT, a

16  procedural error is harmless where there is no conflict or where the VE provides sufficient support for the

17  conclusion. *Massachi* 486 F.3d at 1154, fn 19.  The Court finds the VE explained any deviation from the

18  DOT with adequate support.

19       Next, plaintiff argues that the ALJ found him capable of performing simple unskilled work but

20  that three of the jobs he found plaintiff capable of performing require reasoning skills beyond that of

21  simple work. Dkt. 12 at 9-10.  Specifically plaintiff argues that only reasoning level 1is consistent with

22  simple work and that of the four jobs, only the final assembler job is assigned reasoning level 1, while the

23  other three jobs are assigned reasoning level 2 or 3.[2]  However, plaintiff cites no authority or regulation in

24  support of his assertion that only reasoning level 1 is consistent with simple, unskilled work, nor has this

25  Court found any rule or regulation consistent with the assertion.  Defendant cites case law from other

---

27  [2] The DOT assigns General Educational Development reasoning levels 1-6 to jobs representing reasoning, math and language skill levels.

28  ORDER - 12

circuits finding a reasoning level of 2 is consistent with simple jobs.  Dkt. 14 at 15.  Without any supportive authority for plaintiff's argument, this Court cannot assign error.

Finally, plaintiff argues that two of the three hypothetical questions the ALJ asked of the VE are not supported by substantial evidence because two of the hypothetical questions did not accurately reflect the RFC assessment assigned to plaintiff by the ALJ.  Dkt. 12 at 10-12; Dkt. 15 at 4.  Plaintiff disputes the hypothetical questions for which the VE found the jobs of parking lot cashier, assembler, sorter grader suitable, but does not dispute the accuracy or conclusions stemming from the hypothetical question and answer associated with the final assembler job, other than on the grounds discussed above. Plaintiff further argues that the ALJ did not make the non-disabled determination based on work only as an assembler.  However, plaintiff cites no authority for the proposition that the ALJ was required to give more than one job, or that the ALJ's decision could not have been based on the ability to perform just one type of job.  Whether or not the ALJ's additional hypothetical questions to the VE were properly presented, the ALJ found plaintiff capable of performing work as a final assembler; therefore, because plaintiff can work as an assembler, he is not disabled.  The Court does not need to address the sufficiency of the other hypothetical questions because whether or not they were sufficient is immaterial in light of the properly presented and uncontested first hypothetical question.

## VIII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED and this action is DISMISSED.

DATED this 14th day of April, 2008.

Carolyn R. Dimmick
United States District Judge

ORDER - 13